## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF                                                 6500 Cherrywood Lane
TIMOTHY J. SULLIVAN                                         Greenbelt, Maryland 20770
UNITED STATES MAGISTRATE JUDGE                             Telephone: (301) 344-3593

February 12, 2021

LETTER TO COUNSEL:

      RE:    *Shanika C. v. Andrew M. Saul, Commissioner of Social Security*
              Civil No. TJS-19-3651

Dear Counsel:

      On December 27, 2019, Plaintiff Shanika C. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 17 & 18. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following this review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Shanika C. protectively filed her applications for DIB and SSI on March 16, 2017. Tr. 13. She alleged a disability onset date of March 1, 2014. *Id.* Her applications were denied initially and upon reconsideration. *Id.* She requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") for a hearing on October 1, 2018. *Id.* In a written decision dated November 20, 2018, the ALJ found that Shanika C. was not disabled under the Social Security Act. Tr. 13-23. Shanika C. now seeks review of the ALJ's decision.

      The ALJ evaluated Shanika C.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Shanika C. has not engaged in substantial gainful activity since March 1, 2014, the alleged onset date. Tr. 16. At step two, the ALJ found that Shanika C. suffered from the following severe impairments: anxiety and obsessive-compulsive disorders and trauma and stressor-related disorders. *Id.* At step three, the ALJ found Shanika C.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 16-18. The ALJ determined that Shanika C. retained the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Deborah L. Boardman. On December 7, 2020, it was reassigned to me.

perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to perform simple, routine, and repetitive tasks but not at a production rate pace. The claimant can frequently interact with supervisors and coworkers, and she can occasionally interact with the public. The claimant is able to tolerate few changes in the routine work setting, defined as she can adapt to changes in a routine work environment.

Tr. 18.

At step four, the ALJ determined that Shanika C. was unable to perform any past relevant work. Tr. 21. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Shanika C. can perform, including cleaner-housekeeping, marker, and warehouse checker. Accordingly, the ALJ found that Shanika C. was not disabled under the Social Security Act. Tr. 23.

Shanika C. raises two arguments in this appeal: (1) the ALJ erred by using an undefined term ("production rate pace") in the hypothetical to the VE and in the RFC determination; and (2) the ALJ did not comply with *Mascio*, 780 F.3d at 632.

After a careful review of the ALJ's opinion and the evidence in the record, I agree with Shanika C. that the ALJ's reliance on a hypothetical and an RFC that limited the claimant to performing work "not at a production rate pace" runs afoul of the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that an ALJ's description of work "requiring a production rate or demand pace" failed to give the court "enough information to understand what those terms mean," making it impossible for the court to consider whether the RFC that incorporated those terms was supported by substantial evidence).

In this case, the ALJ committed the same error as in *Thomas*. The ALJ's hypothetical and RFC determination limited Shanika C. to "simple, routine, repetitive tasks, but not at a production rate pace." Tr. 18. The ALJ does not define the term "production rate pace" and the Court is uncertain what the ALJ meant by this term. This "makes it difficult, if not impossible," for the Court to determine whether the ALJ's decision is supported by substantial evidence. *Thomas*, 916 F.3d at 312 (4th Cir. 2019); *see also Steven S. v. Commissioner*, No. DLB-19-1055, ECF No. 18 (D. Md. Apr. 21, 2020) (remanding for further explanation where ALJ's RFC determination precluded claimant from performing "production pace work" because that term was not defined and distinguishing other cases where similar terms had been defined or sufficiently explained to allow for review).

The Commissioner states that Shanika C.'s argument about the definition of "production rate pace" lacks merit because she "does not specify what particular limitation should have been specified." ECF No. 18-1 at 3. It is not clear how Shanika C. is supposed to know what the ALJ meant by the term "production rate pace." As the Fourth Circuit noted in *Thomas*, the meaning of the term is not clear. The Commissioner may understand the term because he consulted the website Investopedia.com for a definition. But there is nothing in the record to indicate that the ALJ or the

VE consulted this website and understood the meaning of the term "production rate pace" as it is defined on that website. And the Court has no reason to think that this website provides an authoritative definition of a term that the Fourth Circuit has described as not "especially common—certainly not common enough for us to know what [the term] mean[s] without elaboration." *Thomas*, 916 F.3d at 312. Neither is the Court persuaded by the Commissioner's citation of two district court cases that predate the Fourth Circuit's decision in *Thomas* (one of the cases characterizes an argument about the term "production rate pace" being vague as "bordering on nonsensical"). The Commissioner may disagree with the Fourth Circuit's holding in *Thomas* and prefer that the Court consult a financial literacy website to evaluate the ALJ's decision. But the Fourth Circuit's decision in *Thomas* is both well-reasoned and binding on this Court. The Court finds that Shanika C.'s argument is persuasive. The ALJ erred by using the undefined term "production rate pace" in the hypothetical to the VE and in the RFC determination. Because of this error, the Court is unable to review the ALJ's decision to determine whether it is supported by substantial evidence.

I am also persuaded by Shanika C.'s *Mascio* argument. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

Here, the ALJ found that Shanika C. has moderate limitations with regard to concentration, persistence, and pace. Tr. 17. The ALJ did not account for these moderate limitations in the RFC determination. *See, e.g.*, *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the claimant's ability to sustain work throughout an eight-hour workday where the claimant had moderate difficulties in concentration, persistence, and pace). To the extent that the ALJ intended to account for Shanika C.'s moderate limitations in concentration, persistence, and pace by limiting her to work not performed at a "production rate pace," this was insufficient. As explained above, the Court is uncertain of the meaning of the term "production rate pace" and there is nothing in the record to indicate what the ALJ and the VE understood the term to mean. As such, the Court is unable to review the ALJ's decision to determine whether it is supported by substantial evidence.

The Commissioner relies on *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) to support its argument that the ALJ's decision complies with *Mascio*. ECF No. 18-1 at 7. *Shinaberry* is distinguishable from this case. In *Shinaberry*, the ALJ actually explained why the claimant's moderate limitations in concentration, persistence, and pace did not translate into a limitation in the RFC beyond a restriction to "simple, routine, and repetitive tasks." *Id.* at 121-22 ("Here, the ALJ discussed in detail the psychological evaluations . . ., as well as Shinaberry's adult function report, and sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] moderate limitations in concentration, persistence, and pace."). The ALJ provided no such explanation here.

3

Remand is required so that the ALJ may provide an explanation that complies with *Thomas* and *Mascio*. Accordingly, both parties' motions for summary judgment (ECF Nos. 17 & 18) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge